## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

ROBERT STINER,

        Plaintiff,

v.                                      Case No.

SOUTHWESTERN BELL TELEPHONE
COMPANY d/b/a AT&T KS, a foreign corporation,

        Defendant.

_____

## COMPLAINT

      COMES NOW the Plaintiff, by and through counsel, Bradley A. Pistotnik and Jay H. Sizemore, of Brad Pistotnik Law, P.A. and for his claims against the Defendant, alleges and states:

### GENERAL ALLEGATIONS OF NEGLIGENCE

1. The Plaintiff is a resident of Kansas.

2. This Court has proper venue and jurisdiction over the persons and subject matter.

3. Defendant Southwestern Bell Telephone Company d/b/a AT&T KS (AT&T) is a foreign Delaware corporation with a principal place of business located at 208 S. Akard Street, Dallas, Texas 75202 and may be served with process through its registered agent, Corporation Company located at 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603.

4. Jason Oglesby (driver) is an employee of AT&T and at the time of the accident and for all allegations contained in this Complaint, was acting in the course and scope of employment for AT&T and his actions and omissions are the actions and omissions of AT&T under the doctrines of Respondeat Superior and Vicarious Liability.

5. Venue and jurisdiction are proper in Kansas City, Wyandotte County, Kansas.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

7. On or about the 10th of October, 2017, the Plaintiff was operating his motor vehicle and was headed eastbound on Highway U.S. 54 at or near the intersection of Washington in Wichita, Sedgwick County, Kansas when heavy traffic was stopped in the eastbound lanes of travel and the Plaintiff was also stopped in traffic, when AT&T and their driver, Jason Oglesby negligently and carelessly was looking down instead of at the traffic in front of him and rear-ended the back of the Plaintiff's stopped vehicle, thereby proximately causing an accident and injuries and damages to the Plaintiff.

8. The driver of Defendant was issued citation number E001636430 by the Kansas Highway Patrol for following too closely contrary to K.S.A. 08-1523(a). Upon information and belief, the driver plead guilty to the ticket thereby making an admission against interest.

9. At the scene of the accident, the driver of Defendant got out of his vehicle and stated he "tried to hit his brakes" making another admission against interest.

10. At the scene of the accident, the supervisor of the driver who was also working for Defendant came to the scene and immediately started trying to risk management and risk minimization control and started trying to protect Defendant from having to pay financial losses due to the driver causing the wreck. A photo of the driver and his supervisor at the scene is depicted on the attached photo as **Exhibit A.**

11. The driver has a bad record. Upon information and belief, driver, Jason Oglesby, has three speeding tickets with two suspensions of his Kansas Driver's license. Defendant did not do an appropriate background check or motor vehicle record check of driver Jason Oglesby's driving

2

history and never should have hired or retained him to be a fleet driver.

12. Upon information and belief, driver, Jason Oglesby, was hired, employed, trained, supervised and retained by the Defendant telephone company.

13. The motor vehicle owned by the corporate Defendant and driven by driver that was involved in this collision was dispatched, supervised, monitored, operated, and controlled by the fleet management of Defendant.

14. Upon information and belief, the corporate Defendant has a systemic problem which is a habit, custom, routine, and business practice of allowing unsafe and untrained drivers to drive negligently and carelessly, by failing to train drivers on accident avoidance techniques, hazard perception techniques, and defensive driving techniques by using the systems created by the Smith System or the J.J. Keller & Associates, Inc. systems on defensive driving. The Defendant could have accessed the information on his driving record to find that he had two driver's license suspensions in 2013, one in 2008, and three speeding convictions with one in 2008 and two in one year in 2013. A reasonable ordinary employer hiring a driver for a fleet or company vehicle would have excluded this driver who obviously has a habit and custom of speeding.

## COUNT I – NEGLIGENCE

15. Plaintiff incorporates and re-alleges the allegations contained above in paragraphs one (1) through fourteen above (14) as though fully set forth herein.

16. The actions and omissions of the driver, are the actions and omissions of the corporate Defendant, under the doctrines of Respondeat Superior and Vicarious Liability and upon information and belief, are negligent and careless and include, but are not limited to:

    A.  Following too closely;

    B.  Speeding in excess of what was reasonable for the then existing conditions of stopped

traffic;

C. Failure to comply with and follow the minimum standards of care and safety set forth in the Kansas Driver's License Manual which is incorporated herein as **Exhibit B;**

D. Failure to keep a proper lookout;

E. Driving forward while looking down and taking his eyes off of the traveled highway, and upon information and belief, looking down at an electronic device or cell phone to follow orders from dispatch from the company for a service call for the Defendant;

F. Inattentive operation of a motor vehicle;

G. Failure to exercise ordinary and reasonable care;

H. Incompetent operation of a motor vehicle;

I. Failure to brake;

J. Failure to take evasive action;

K. Upon information and belief, operation of a motor vehicle while distracted and texting, dialing, or looking at a map location on a cellular phone contrary to the instructions in the Kansas Driving Handbook that warns drivers to not use cellular phones and other devices while operating their motor vehicle;

L. Upon information and belief, violation of K.S.A. 8-15,111 which places a duty upon drivers not to use cellular devices while operating a motor vehicle and which requires that no person shall operate a vehicle while using a wireless communication device to write, send or read a written communication by typing, sending or reading a written communication, including, but not limited to a text message, instant message or electronic mail;

M. Violation of laws, statutes, ordinances and regulations of the State of Kansas and the

4

City of Wichita;

N.  Other actions and omissions which will be supplemented upon receipt and completion of discovery;

17. The actions and omissions of Defendant, upon information and belief, are negligent, careless, and include, but are not limited to:

A.  Failing to adequately warn, reprimand and/or suspend the driver after this accident;

B.  Failing to terminate the driver;

C.  Failing to train the driver with proper defensive driving skills before and after the accident;

D.  Failure to train the driver in the proper hazard communication signals, hazard perception, and other safe operating protocols by failing to utilize training programs like the Smith System, and the systems taught by J.J. Keller & Associates, Inc.;

E.  Failing to do appropriate background checks on the driver;

F.  Failing to do motor vehicle record (MVR) checks on the driver;

G.  Failing to have any adequate safety management protocols in place;

H.  Failing to follow appropriate dynamics, elements and protocols of a Fleet Safety Program as taught by the National Safety Council in their literature entitled, *Dynamics of Fleet Safety, The Fleet Excellence Process, Instructor Manual,* a copy of which is incorporated herein and attached as **Exhibit C.**

I.  Failing to properly create and implement a proper safety program that would require the driver to be comprehensively tested in written form to determine that he has a comprehensive understanding of appropriate defensive driving skills;

J.  Failure to test the driver their motor vehicle for alcohol and drug consumption after

this accident;

K.  Other actions and omissions which will be supplemented upon receipt and completion of discovery;

## COUNT II – NEGLIGENT HIRING, TRAINING SUPERVISION AND RETENTION

18.  Plaintiff incorporates and re-alleges the allegations contained above in paragraphs one (1) through seventeen (17) as if though fully set forth herein.

19.  Defendant, upon information and belief, was negligent in the hiring, training, supervision, and retention training of the driver and supervisory managers above the driver by the following actions and omissions;

A.  Defendant and their respective agents, employees and representatives were careless and negligent and wanton for negligent hiring, training, supervision, and retention of the driver and his supervisory personnel;

B.  Defendant negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, the driver and his supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining their employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their employees, agents, and independent contractors, including, but not limited to driver. Defendant negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their employees and agents, including, but not limited to driver including the failure to do background screening and MVR checks of the

driver. Defendant knew or reasonably should have known that they were not hiring safe and competent employees and agents and negligently and wantonly violated their duty to hire only safe and competent employees. Defendant knew or reasonably should have known that their employees and agents, including, but not limited to driver, created and were an undue risk of harm to the Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate their employees, agents, and independent contractors, including the driver and his supervisory personnel;

C. Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors including the driver and his supervisory personnel proximately caused the injuries to the Plaintiff;

D. Defendant, upon information and belief, has ratified all conduct of their driver and their other employees who hired, trained and supervised the driver, either expressly or impliedly. Upon information and belief, the driver was not properly screened regarding past driver's license speeding tickets and driver's license suspensions and was not retrained, warned, suspended or terminated following this accident;

E. Defendant, upon information and belief, has failed to set up an appropriate driver training system that comprehensively trains and tests in writing this driver and other employees over hazard awareness, hazard perception, defensive driving and other safety systems taught by the Smith System, by J.J. Keller & Associates, Inc. and other similar driver training methods;

F. Defendant, upon information and belief has failed to follow industry standards regarding fleet safety (See Exhibit C);

G.  For other actions and omissions that will be supplemented after the receipt of full and complete discovery in this case.

**COUNT IV – INJURIES AND DAMAGES SUSTAINED BY THE PLAINTIFF**

20. Plaintiff incorporates and re-alleges the allegations contained above in paragraphs one (1) through nineteen (19) as if though fully set forth herein.

21. As a further direct and proximate result of the negligence and carelessness of the Defendant as aforesaid, Plaintiff has received injuries to his body, including, but not limited to: cervical, thoracic and lumbar spine injuries; has radicular pain as a result of the disc injuries in his cervical and lumbar spine; underwent a cervical ACDF surgery; has underwent an epidural into the spine; underwent pain management and treatment; underwent physical therapy; has had to have medications to relieve pain and inflammation; may have had aggravation to a pre-existing condition, and was otherwise injured. The Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future the Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff prays for judgment against Defendant for all damages allowed under Kansas law as actual compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest allowed by law, for costs herein, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626
Jay H. Sizemore, #20395
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
316-684-4400/ Fax: 316-684-4405
Brad@bradpistotniklaw.com
Jay@bradpistotniklaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626

9